IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NOAH PREJEAN, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:19-CR-00350-WMR-CCB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:22-CV-00806-WMR-CCB |

**FINAL REPORT AND RECOMMENDATION**

Movant Noah Prejean, confined at Federal Correctional Institution Coleman Low ("FCI Coleman Low") in Coleman, Florida, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 78.) This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 78) be **DENIED** as untimely.

**I.  BACKGROUND**

In 2019, Movant was charged with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e). (Doc. 32.) Movant subsequently pleaded guilty to this charge. (Docs. 43, 46.) On September 10, 2020, the Court sentenced Movant

to 240 months of imprisonment. (Doc. 66.) Movant did not file a direct appeal. (*See* Doc. 78 at 1.) Movant filed the instant § 2255 motion on January 27, 2022, at the earliest. (*See id.* at 12.)

II.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) the movant's convictions became final; (2) a governmental impediment to filing the movant's federal habeas application was removed; (3) a constitutional right on which the movant relies was recognized by the Supreme Court of the United States, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the movant, with due diligence, could have discovered the facts supporting his claims. 28 U.S.C. § 2255(f)(1)-(4). The limitations period in § 2255(f) is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (applying equitable tolling to 28 U.S.C. § 2254 petitions).

Based on his motion, Movant does not indicate that the circumstances set forth in § 2255(f)(2)-(4) apply. Turning to § 2255(f)(1), Movant's conviction became final on September 24, 2020, when the 14-day time limit to file a notice of appeal of his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A); *Murphy v.*

*United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (explaining that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"). Movant then had one year, until September 24, 2021, to file a § 2255 motion. *See* § 2255(f)(1). Movant, however, did not file his § 2255 motion until January 27, 2022, at the earliest. (*See* Doc. 78 at 12.). His petition is therefore untimely by approximately four months.

Movant argues that his motion is timely because the Supreme Court extended the time to file a petition for writ of certiorari from 90 days to 150 days, and he therefore had until February 3, 2022, to file a § 2255 motion. (Doc. 78 at 10.) However, Movant is not entitled to either a 90-day or 150-day period because a petition for writ of certiorari can be filed only after an unsuccessful appeal. *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003) ("Here, following trial, the defendants timely appealed to this court, and we affirmed their convictions. Neither defendant filed a timely petition for certiorari with the Supreme Court. In that circumstance, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." (internal quotation marks omitted)); Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court

within 90 days after entry of the judgment.") Movant, in contrast, never filed an appeal, and thus, as explained by *Murphy*, his judgment became final after the time during which he could have filed a notice of appeal expired. *See* 634 F.3d at 1307; *see also Borgesano v. United States*, No. 20-11453, 2021 WL 2879696, at *2 (11th Cir. July 9, 2021) ("Although § 2255(f) does not define 'judgment of conviction' or 'final,' we have held that when, as in this case, a criminal defendant does not pursue a direct appeal, his judgment of conviction becomes final when the time for filing a notice of appeal expires. The time for filing a notice of appeal from a criminal judgment is 14 days after the entry of either the judgment or the order being appealed." (citation and some internal quotation marks omitted)). Simply put, "when a defendant does not file a direct appeal, the time to petition for certiorari simply does not factor into the equation." *United States v. Mathisen*, 822 F. App'x 752, 754 (10th Cir. 2020) (rejecting a defendant's argument that he should receive the benefit of the time within which to file a petition for certiorari because the defendant never filed a direct appeal).

As noted earlier, the limitations period in § 2255(f) is subject to equitable tolling. *Akins*, 204 F.3d at 1089. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). "[E]quitable tolling is an

4

extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks omitted). Here, Movant does not explicitly argue for equitable tolling. However, the Court will construe his argument that his motion is timely as an argument for equitable tolling. Nevertheless, even assuming that Movant pursued his rights diligently, his mistaken belief regarding the statute of limitations does not constitute an extraordinary circumstance warranting equitable tolling. *See id.* (ruling that "an attorney's mistake in calculating the statute of limitations period, even when caused by the failure to do rudimentary legal research, does not justify equitable tolling"); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (holding that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling"); *see also Holland*, 560 U.S. at 651-52 (ruling that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling" (citations and internal quotation marks omitted)); *Cadet*, 853 F.3d at 1227 (concluding that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling"). Thus, as Movant is not entitled to equitable tolling, this action is untimely and is subject to dismissal.

**III.    CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

6

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented—that the § 2255 petition was untimely filed—is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 78) be **DENIED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 7th day of March, 2022.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE