# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NOAH PREJEAN,<br>   Movant,<br><br>             v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | CRIMINAL ACTION NO.<br>1:19-CR-00350-WMR<br><br>CIVIL ACTION NO.<br>1:22-CV-00806-WMR |

## **ORDER**

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 79], which recommends that the Court deny Movant Noah Prejean's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 78]. Mr. Prejean has timely filed objections to the R&R. [Doc. 83.] After careful consideration of the R&R, the objections, the applicable law, and the relevant parts of the record, and for the reasons discussed herein, the Court denies Mr. Prejean's motion.

**I.    Standard of Review**

In reviewing the R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's

recommendation."). After review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Here, Mr. Prejean filed timely objections, so the Court reviews the R &R de novo.

## II.   Background

In 2019, Mr. Prejean was charged with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e). [Doc. 32]. Mr. Prejean subsequently pleaded guilty to this charge. [Docs. 43, 46]. On September 10, 2020, the Court sentenced Mr. Prejean to 240 months of imprisonment. [Doc. 66]. Mr. Prejean did not file a direct appeal. [*See* Doc. 78 at 1]. Mr. Prejean filed the instant § 2255 motion on January 27, 2022, at the earliest.[1] [*See id.* at 12].

On March 7, 2022, the Magistrate Judge recommended that this Court deny the § 2255 motion as untimely and deny the certificate of appealability. [Doc. 79]. In the R&R, the Magistrate Judge first found that Mr. Prejean's § 2255 motion is time-barred under the one-year statute of limitations because Mr. Prejean's "conviction became final on September 24, 2020, when the 14-day time limit to file a notice of appeal of his criminal judgment expired." [*Id.* at 2]. The Magistrate Judge next construed Mr. Prejean's "argument that his motion is timely as an

---

[1] The Clerk's Office stamped Mr. Prejean's motion on February 2, 2022. [*Id.* at 1]. Because Mr. Prejean's signature submitting the motion is dated January 27, 2022, this Court agrees with the Magistrate Judge to analyze the motion under the earlier date. [*Id.* at 39].

2

argument for equitable tolling," even though the Magistrate Judge noted that Mr. Prejean did "not explicitly argue for equitable tolling." [*Id.* at 4]. The Magistrate Judge determined that Mr. Prejean's "mistaken belief regarding the statute of limitations does not constitute an extraordinary circumstance warranting equitable tolling," and thus found that Mr. Prejean's motion should be dismissed as untimely. [*Id.* at 5]. The Magistrate Judge also recommended that a certificate of appealability be denied because whether the § 2255 petition was untimely filed "is not debatable." [*Id.* at 7].

On March 21, 2022, Mr. Prejean submitted a Motion for Extension of Time to Lodge Objections to the R & R. [Doc. 81]. This Court granted Mr. Prejean's 30-day extension request. [Doc. 82]. Mr. Prejean then filed his objections on March 31, 2022. [Doc. 83]. In his objections, Mr. Prejean states that the Magistrate Judge "did not cite any published Eleventh Circuit cases that speak directly to the matter" in determining that Mr. Prejean's opportunity to file a § 2255 motion expired on September 24, 2021. [Doc. 83 at 2]. Mr. Prejean distinguishes a case cited by the Magistrate Judge, *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003), by arguing that "it only speaks to the finality of the appellate court's affirmance of a conviction, not the date of the conviction in the district court itself." [*Id.* at 2]. Mr. Prejean also "concedes that he did not properly explain his reasons for missing the one-year statute of limitations" but now argues that COVID-19 lockdown conditions

3

prevented his timely filing. [*Id.*] Mr. Prejean asserts that these COVID-19 conditions permit equitable tolling. [*Id.*] In response to the Magistrate Judge's recommendation to deny a certificate of appealability, Mr. Prejean states that, in the event of this Court's denial of his § 2255 motion, he will "take advantage of Fed. R. Civ. P. 59(e) to request reconsideration from this court in the first instance." [*Id.* at 3].

### III. Discussion

The Court agrees with the Magistrate Judge's reasoning and recommendation and thus overrules Mr. Prejean's objections to the contrary.

First, the Magistrate Judge correctly determined that if a defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. § 2255(f)(1) requires a prisoner to bring a motion for postconviction relief within one year of "the date on which the judgment of conviction becomes final."[2] 28 U.S.C. § 2255(f)(1). When, as here, a defendant "does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Because Mr. Prejean never filed a direct criminal appeal, his criminal conviction became final when his time for a filing a direct appeal

---

[2] As the Magistrate Judge correctly noted, Mr. Prejean does not argue that the circumstances set forth in § 2255(f)(2)-(4) apply. [Doc. 79 at 2]. Mr. Prejean does not object to this finding. [*See* Doc. 83].

4

expired—fourteen days after this Court entered its judgment of conviction. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"). Because the Court sentenced Mr. Prejean on September 10, 2020, the Court agrees with the Magistrate Judge that Mr. Prejean's conviction became final on September 24, 2021. As a result, Mr. Prejean had until September 24, 2021, to file a § 2255 motion. *See* 28 U.S.C. § 2255(f) (providing a one-year period of limitation for motions under this section).

The Magistrate Judge thus correctly dismissed Mr. Prejean's argument that because the Supreme Court extended the time to file a petition for writ of certiorari from 90 days to 150 days, Mr. Prejean had until February 3, 2022, to file a § 2255 motion. *See* Doc. 79 at 3. As the Magistrate Judge noted, Mr. Prejean is "not entitled to either a 90-day or 150-day period because a petition for writ of certiorari can be filed only after an unsuccessful appeal." *Id.* As explained above, Mr. Prejean never filed an appeal, and when a defendant does not file a direct appeal, "the time to petition for certiorari simply does not factor into the equation." *Id.* (quoting *United States v. Mathisen*, 822 F. App'x 752, 754 (10th Cir. 2020) (internal quotation marks omitted)).

The Magistrate Judge also correctly determined that Mr. Prejean's § 2255 motion is not subject to equitable tolling. *See* Doc. 79 at 4-5. The Supreme Court

5

has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. While Mr. Prejean did not argue that any extraordinary circumstances stood in the way of his timely filing a § 2255 motion,[3] the Magistrate Judge construed his argument as one for equitable tolling. [*See* Doc. 79 at 6]. A "miscalculation of the limitations period or mistake is not a basis for equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Court agrees with the Magistrate Judge that Mr. Prejean's "mistaken belief regarding the statute of limitations does not constitute an extraordinary circumstance warranting equitable tolling." [Doc. 79 at 5].

In his objections, Mr. Prejean raises a new argument that FCC Coleman Low—the prison in which Mr. Prejean is in custody—has imposed a "grueling" COVID-19 lockdown, which means that "Prejean has no typewriter access, limited Law Library access, and he is locked inside his housing unit 23 hours per day." [Doc. 83 at 2]. Mr. Prejean argues "this court should take these matters into account when deciding if his situation warrants equitable tolling." [*Id.*] The Eleventh Circuit

---

[3] Mr. Prejean concedes this point. *See* Doc. 83 at 2 ("Prejean concedes that he did not properly explain his reasons for missing the one-year statute of limitations imposed by AEDPA.").

has held that prison lockdowns and restricted access to a law library do not constitute extraordinary circumstances to warrant equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000); *see also Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) (denying a prisoner's motion for a certificate of appealability after the district court dismissed his § 2255 motion because "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling").

Although this Court recognizes the difficulties imposed on our communities, and particularly our prisons, by the COVID-19 pandemic, this Court finds that Mr. Prejean has not demonstrated entitlement to equitable tolling under Eleventh Circuit precedent. Moreover, Mr. Prejean fails to clearly explain how his late filing of his § 2255 motion is causally connected to the prison's COVID-19 protocols. Mr. Prejean's conviction became final in September 2020, and upon such conviction, the Court allowed Mr. Prejean to remain out of custody on bond and to self-surrender when directed to by the Federal Bureau of Prisons. [*See* Doc. 66 at 2]. On October 6, 2020, the United States Marshal directed Mr. Prejean to report to FCI Coleman Low by noon on October 29, 2020. [*See* Doc. 70]. Mr. Prejean subsequently filed three motions for extensions of time to voluntarily surrender [Docs. 71, 73, 75], two of which were granted by this Court. [*See* Docs. 73, 75]. On January 25, 2021, this

7

Court denied Mr. Prejean's Third Motion for Extension of Time to Voluntarily Surrender and ruled that Mr. Prejean must surrender himself to the Bureau of Prisons on February 1, 2021. [*See* Doc. 77]. Thus, from the time of his sentencing in September 2020 to February 2021, Mr. Prejean was not in custody. Mr. Prejean provides no explanation as to why he could not file his § 2255 motion during that 4-month time period when he was not in custody. This Court thus reject's Mr. Prejean's objection regarding equitable tolling.

Finally, this Court once again agrees with the Magistrate Judge that, because Mr. Prejean's motion is plainly time-barred, a certificate of appealability in this case should be denied. [*See* Doc. 79 at 6]. Under Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." To obtain a certificate of appealability, Mr. Prejean must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Prejean's motion is undeniably barred by the statute of limitations, the Magistrate Judge correctly found that Mr. Prejean failed to make the requisite


showing. As his only objection to this finding, Mr. Prejean states that "he will take advantage of Fed. R. Civ. P. 59(e) to request reconsideration from this Court in the first instance, prior to appealing the decision with the Eleventh Circuit." [Doc. 83 at 3]. The Court need not consider this objection because it does not "specifically identify those findings objected to," and "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). However, the Court notes, as Mr. Prejean himself pointed out, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir.2009) ("A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion.").

    In sum, Mr. Prejean filed his § 2255 motion on January 27, 2022, long after the statute of limitations expired on September 24, 2021. *See* 28 U.S.C. § 2255(f)(1). And he demonstrated no entitlement to equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly.") (internal quotation marks omitted). Consequently, his § 2255 motion is

time-barred, and a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IV.    Conclusion**

After considering the R&R and reviewing it de novo, the Court hereby receives the R&R [Doc. 79] with approval and adopts its recommendation as the opinion and order of the Court.

Accordingly, Mr. Prejean's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 78] is **DENIED**, and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE